IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARC S. CASON, SR. #180571            :

      Plaintiff                    :

      v.                           :   Civil Action No. CCB-05-1051

MARYLAND DIVISION OF CORRECTION    :
MARYLAND DEPARTMENT OF PAROLE
  AND PROBATION                    :
EASTERN MEDICAL SERVICE
  ASSOCIATION                      :
TERESITA JACKSON
      Defendants                   :

**MEMORANDUM**

On April 18, 2005, the Clerk received a complaint from Marc S. Cason, Sr., a Maryland prisoner presently incarcerated at the Western Correctional Institution in Cresaptown ("WCI"). Because Mr. Cason appears to be indigent, his motion for *in forma pauperis* status shall be granted.

Mr. Cason, a frequent litigator in this court,[1] has filed what can best be described as an omnibus action that combines both the elements of a petition for habeas corpus relief and a civil rights action.[2] He complains generally about the circumstances leading up to the revocation of his medical parole (allegations that could be construed as constituting a request for habeas relief), and also raises general allegations concerning the poor conditions of confinement, lack of medical care, and lack of security at several Maryland prisons (allegations more properly presented in separate civil rights actions

---

    [1]    A check in the computerized case docketing system indicates that this is the eleventh action Mr. Cason has filed in this court, his sixth action since 2003.

    [2]    In essence, the pleading fails to present a short plain statement of the claim showing that Mr. Cason is entitled to relief, as required pursuant to Rule 8 of the Federal Rules of Civil Procedure.

filed pursuant to 42 U.S.C. § 1983).[3]

With regard to the habeas corpus claims, Mr. Cason fails to provide specific facts and details, including: (1) when his parole was revoked; (2) what steps he took to challenge the revocation; and (3) the date(s) of any state court decisions filed in connection with challenges to parole revocation.  With regard to the civil rights claims, Mr. Cason again fails to provide specific facts and details, and also fails to separate the claims, so that allegations concerning one prison are kept distinct from those arising out of another place of confinement.  Further, he fails to: (1) name all of the specific individual(s) allegedly responsible for violating his civil rights; (2)  outline in detail the date(s) and time(s) those rights allegedly were violated; (3) provide information showing that he has filed administrative grievances concerning each problem; and (4) detail the specific injuries he has suffered as a result of the alleged misconduct of others.

It is apparent that the "complaint" presented here contains a myriad of different claims that span a number of years and many Division of Corrections institutions, as well as a possible habeas corpus claim.  There is no indication that allowing Mr. Cason to amend the pleading will produce a more workable action able to proceed in this court.  For that reason, a separate Order shall be entered dismissing the above-captioned case without prejudice.  Mr. Cason is free to request separate civil rights and habeas corpus form packets from the Clerk should he wish to file various distinct and separate complaints and/or pursue habeas corpus relief in this court.

  May 3, 2005                                                                      /s/                                    

---

[3] The court notes that the allegations concerning possible civil rights violations appear to have arisen in 1997 and 1998.

(Date)                                                 Catherine C. Blake
                                                        United States District Judge